# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                          Case No. 1:19-CR-00240 KWR

MARY GONZALES,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's Motion to Sever Count 3 of the Superseding Indictment **(Doc. 48)**. Having reviewed the pleadings, the Court finds that Defendant's motion to sever is not well-taken and, therefore, is **DENIED.**

## BACKGROUND

On September 10, 2020, a grand jury returned a four-count Second Superseding indictment against Defendant, alleging (1) possession with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A); (2) possession with intent to distribute a mixture and substance containing detectable amounts of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (3) felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924; and (4) carrying a firearm during and in relation to a drug trafficking crime and possession in furtherance of such crime, in violation of 18 U.S.C. § 924(c).

The relevant facts are detailed in two prior suppression opinions. **Docs. 84, 132.** Det. Lopez pulled Defendant over and searched her vehicle. During the search, Det. Lopez found (1) drugs and a (2) firearm. Defendant allegedly has prior felony convictions.

## DISCUSSION

Defendant seeks to sever trial on her felon in possession charge (Count III) from her other drug related charges (Count I, II, IV). Specifically, she argues she would not have a fair trial on the drug charges if they were joined with the felon in possession charge, because of the introduction of her prior convictions. For the reasons stated by the Government, the Court will decline to sever trial on Count III from trial on Counts I, II, and IV.

The joinder of offenses in a criminal trial is governed by Rules 8(a) and 14 of the Federal Rules of Criminal Procedure. Rule 8(a) allows for the joinder of offenses when:

- the offenses "are of the same or similar character,"

- or are based on the same act or transaction,

- or are connected with or constitute parts of a common scheme or plan."

Fed.R.Crim.P. Rule 8(a); *U.S. v. Sturmoski*, 971 F.2d 452, 460 (10th Cir. 1992). If two or more offenses are properly joined under Rule 8(a), the joinder is also subject to scrutiny under Rule 14, which provides: "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a).

A. <u>Whether Joinder was Proper Pursuant to Fed. R. Crim. P. 8(a)</u>.

Defendant appears to argue that Count III is not properly joined to Counts I, II, and IV. This determination is a fact intensive inquiry. *U.S. v. Bailey*, 952 F.2d 363, 365 (10th Cir. 1991).

The drugs and firearms are part of a common scheme or plan, or part of the same act or transaction. Det. Lopez found the drugs and firearm at issue in the same search of Defendant's vehicle on the same day. Firearms are often considered "tools of the trade" of drug trafficking and part of a common plan or scheme. Because all counts arose from the same act, transaction, or common scheme and will involve overlapping evidence and witnesses, joinder was proper under Rule 8(a). *See United States v. Burkley*, 513 F.3d 1183, 1188 (10th Cir. 2008) (concluding there was no error in denying severance of firearm and drug-trafficking counts because, even if they had been severed, evidence of defendant's firearm possession would have been admissible to prove his intent to distribute marijuana because guns are "tools of the trade" of drug trafficking); *United States v. Cox*, 934 F.2d 1114, 1119 (10th Cir. 1991) (upholding court's refusal to sever firearm possession counts from drug trafficking counts, where government demonstrated that defendant possessed the firearms as part of scheme or plan to possess and distribute drugs, and police seized both weapons and narcotics at the same time and place); *United States v. Esch*, 832 F.2d 531, 538 (10th Cir. 1987) ("[w]here the evidence overlaps, the offenses are similar ... joinder of ... offenses is proper.").

      B.      <u>Whether Defendant is Prejudiced by Joinder pursuant to Fed. R. Crim. P. 14(a)</u>.

Even if joinder is proper under Rule 8, a court may separate trials if the joinder of offenses appears to prejudice a defendant. Fed. R. Crim. P. 14(a). The decision whether to grant or deny severance is within the discretion of the trial court. *See United States v. Martin*, 18 F.3d 1515, 1517 (10th Cir. 1994). The defendant bears a heavy burden of showing real prejudice in her case sufficient to warrant severance. *Id.* at 1518. Prejudicial joinder occurs under Rule 14 of the Federal Rules of Criminal Procedure only "if an individual's right to a fair trial is either threatened or actually deprived." *U.S. v. Sturmoski*, 971 at 460. Defendant here has the burden of showing "real

prejudice" from joinder of the counts. *See U.S. v. Muniz,* 1 F.3d 1018, 1023 (10th Cir. 1993). To establish real prejudice, the defendant must show that the prejudice she will suffer outweighs the expense and inconvenience of separate trials. *Id.* The court should consider other remedial measures that will minimize the risk of prejudice. *See United States v. Lane*, 883 F.2d 1484, 1498 (10th Cir. 1989). Limiting instructions often will cure any risk of prejudice. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993).

The Supreme Court has recognized the risk of trying a felon-in-possession charge with other counts in a single trial. *See Currier v. Virginia*, 138 S. Ct. 2144, 2151 (2018). The risk is that a combined trial of a felon-in-possession count with other counts allows the prosecutor to inform the jury of a defendant's felony record, which could run afoul of Federal Rule of Evidence Rule 404(b)'s prohibition on propensity evidence. *See United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986). In these cases, severance is not required and the Tenth Circuit has upheld denials of motions to sever felon-in-possession counts. *See, e.g., United States v. Jones*, 213 F.3d 1253, 1260 (10th Cir. 2000).

Initially, the Court finds no actual, real prejudice because all charges arose out of the same incident and "trying firearms and drug-trafficking charges together results in no essential unfairness when the relationship of the charges grew out of the defendant's own conduct." *United States v. Burkley*, 513 F.3d 1183, 1188 (10th Cir. 2008), *quoting in part United States v. Valentine,* 706 F.2d 282, 290 (10th Cir.1983); *Jones*, 213 F.3d at 1261. As explained in detail in the prior two suppression opinions, Det. Lopez pulled Defendant over, searched her truck, and found the drugs and firearm at issue in Defendant's truck in the same search on the same day. Therefore, the firearm and drug trafficking charges grew out of Defendant's own conduct and there is no unfairness in trying the counts together.

Moreover, evidence of the firearm possession likely would be admissible anyway in the trial on the drug counts. *United States v. Burkley*, 513 F.3d 1183, 1188 (10th Cir. 2008). "In any separate trial on the drug-related counts, the jury would almost certainly have been presented with most—if not all—of the evidence that [Defendant] possessed a firearm and ammunition because it would have been part and parcel of the government's proof of [Defendant's] drug-related conduct." *United States v. Tucker*, 502 F. App'x 720, 724 (10th Cir. 2012), *citing United States v. Irving,* 665 F.3d 1184, 1212 (10th Cir.2011) ( "If the contested evidence is intrinsic to the charged crime, then Rule 404(b) is not even applicable […] such evidence remains 'subject to the requirement of [Federal Rule of Evidence] 403 that its probative value is not substantially outweighed by the danger of unfair prejudice.'" (citation omitted) (quoting *United States v. Lambert,* 995 F.2d 1006, 1007–08 (10th Cir.1993))); *cf. United States v. Hollis,* 971 F.2d 1441, 1447 (10th Cir.1992) (finding no abuse of discretion where, "had separate trials been granted, the evidence of similar conduct would likely have been admissible anyway under Fed.R.Evid. 404(b)"). In other words, she "has not demonstrated actual prejudice resulting from a single trial." *Johnson,* 130 F.3d at 1427; *see United States v. Eads,* 191 F.3d 1206, 1209 (10th Cir.1999). "The firearm evidence also likely would have been admissible in any event as probative of [Defendant's] intent to possess [drugs] with intent to distribute." *United States v. Tucker*, 502 F. App'x 720, 725 (10th Cir. 2012), *United States v. Martinez,* 938 F.2d 1078, 1083 (10th Cir.1991) (noting that, *inter alia,* firearms are " 'tools of the trade'-that is, means for the distribution of illegal drugs").

Defendant does not seek severance of Count IV (Possession of a firearm in furtherance of a drug trafficking crime).  Under the pattern jury instruction, it appears that the jury may consider "the status of the possession (legitimate or illegal)."  Tenth Circuit Pattern Jury Instruction 2.45.1, at 147 (2018).  Therefore, severance of Count III will not necessarily alleviate the alleged

prejudice, because the Government may be able to introduce the legality of her possession of the firearm.

The Government's case on the drug counts appears to be as strong as its case on the firearm count.  The Government does not appear to be attempting to strengthen a weak case by joining it with a strong case, or joining counts that are random or fortuitous. *Cf. Lewis,* 787 F.2d at 1322–23 (reversing denial of severance motion where evidence on second count was "sparse" and conviction was likely affected by other bad acts evidence admissible only as to first count). Severance of counts is therefore not required "simply because the cumulative effect of evidence of similar misconduct might potentially prejudice the defendant," *United States v. Hollis*, 971 F.2d 1441, 1457 (10th Cir. 1992), especially where, as here, "the relationship of the charges [grows] out of the defendant's own conduct." *United States v. Olsen*, 519 F.3d 1096, 1103 (10th Cir. 2008).

Even if there were some prejudice from the introduction of the prior convictions, the evidence in the firearm and drug counts arise out of the same transaction and search, and therefore it would be highly inefficient to try the counts separately.  The Court finds that the interest in efficiently trying the counts together outweighs any slight prejudice faced by Defendant.  *United States v. Tucker*, 502 F. App'x 720, 725 (10th Cir. 2012), *citing United States v. Burkley,* 513 F.3d 1183, 1188 (10th Cir.2008) (holding that denial of a motion for severance was not an abuse of discretion where "[e]ven if the counts had been severed, evidence of Defendant's firearm possession would have been admissible to prove [the drug count]").

Moreover, the Court notes that any prejudice can me ameliorated either by the Court (1) giving appropriate limiting instructions or (2) ensuring the prior convictions will not be given unnecessary emphasis.  "Rule 14 ... leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States,* 506 U.S. 534, 538, 113 S.Ct. 933, 122

L.Ed.2d 317 (1993). The Court believes that limiting instructions can be crafted to cure any potential prejudice here. *See United States v. Hutchinson*, 573 F.3d 1011, 1026 (10th Cir. 2009) ("[L]imiting instructions are ordinarily sufficient to cure potential prejudice." (quoting *United States v. Hardwell,* 80 F.3d 1471, 1487 (10th Cir.1996)) (internal quotation marks omitted)), *cited in United States v. Tucker*, 502 F. App'x 720, 724 (10th Cir. 2012). For example, the Court and the parties can craft appropriate instructions directing the jury to consider the prior convictions for appropriate purposes only and to consider each charge separately. The Court will admonish the jurors to separately consider the evidence for each count and not permit the verdict concerning one count to control their verdict concerning any of the other counts of indictment. The Court will also instruct the jury that Defendant is "not on trial for any act, conduct, or crime not charged in the indictment." *United States v. Tucker*, 502 F. App'x 720, 725 (10th Cir. 2012); *See also* Tenth Circuit Pattern Instructions 1.11 (impeachment by prior conviction), 1.30 (similar acts). To the extent Defendant argues that the jury would not follow these instructions, "[a] central assumption of [Tenth Circuit] jurisprudence is that juries follow the instructions they receive." *United States v. Castillo,* 140 F.3d 874, 884 (10th Cir.1998).

Finally, the Court and the parties can ensure that undue or unnecessary emphasis is not given to the prior convictions. "The nature or substance of the felony conviction is irrelevant and prejudicial and should be excluded if possible by use of a redacted record, affidavit, stipulation or similar technique, so that the jury is informed only of the fact of the felony conviction." Tenth Circuit Pattern Instruction, Comment Notes, 2.44 (Possession of a Firearm by a Convicted Felon, 18 U.S.C. § 922(g)(1)), *citing United States v. Wacker*, 72 F.3d 1453, 1472-73 (10th Cir. 1995). *See also Old Chief v. United States*, 519 U.S. 172 (1997). The Government has offered to stipulate to the prior convictions. Defendant has not indicated whether she would stipulate. Stipulation to

7

the fact that a prior felony conviction exists greatly reduces the danger of prejudice by avoiding the need to delve into details of past bad acts. *See Old Chief v. United States,* 519 U.S. 172, 191 (1997).

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Sever **(Doc. 48)** is hereby **DENIED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE