# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

      Plaintiff,

vs.                                                      Case No. 1:19-CR-00240 KWR

MARY GONZALES,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's Motion for New Trial **(Doc. 173)**. Defendant was convicted by a jury on all four counts in the Second Superseding Indictment. In her motion for new trial, Defendant generally challenges the sufficiency or weight of the evidence. Having reviewed the pleadings, the Court finds that Defendant's motion for new trial is not well-taken and, therefore, is **DENIED.**

## BACKGROUND

On June 7, 2018, Det. Lopez pulled Defendant over and searched her vehicle. During the search, Det. Lopez found (1) methamphetamine and heroin, and (2) a firearm and ammunition. Defendant allegedly has prior felony convictions. On March 10, 2021, Defendant was convicted by a jury on all four counts in the Second Superseding Indictment. The Second Superseding indictment charged as follows:

  Count 1:   possession with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A);

Count 2: possession with intent to distribute a mixture and substance containing detectable amounts of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C);

Count 3: felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924; and

Count 4: possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

The Court denied in part and granted in part two of Defendant's suppression motions. **Docs. 84, 132.** The Court also denied her motion to sever the felon in possession charge, and made several rulings on motions in limine.

During trial, Defendant moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29(a), asserting that the Government failed to submit sufficient evidence to make a prima facie case. The Court denied the motion.

## DISCUSSION

Defendant seeks a new trial "in the interest of justice" pursuant to Fed. R. Crim. P. 33. She generally asserts that the verdict was not supported by sufficient evidence or was against the weight of the evidence, and specifically argues as follows:

- The Government failed to present sufficient or credible evidence on the chain of custody of certain physical evidence;

- The weight of the evidence did not support the jury's finding that Defendant possessed a gun in furtherance of a drug trafficking crime in violation of § 924(c); and

- The Court erred in pretrial rulings.

For the reasons stated below, the Court rejects Defendant's arguments and finds that a new trial is not in the interest of justice.

**I.** **Relevant Legal Standard**

Fed. R. Crim. P. 33(a) allows the district court to grant a defendant a new trial "if the interest of justice so requires." Defendant here primarily seeks a new trial based on the sufficiency or weight of the evidence. In such circumstances, a district court should grant such a motion "only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994), *cited in United States v. Cesareo-Ayala*, 576 F.3d 1120, 1126 (10th Cir. 2009). "Although a trial court is afforded discretion in ruling on such a motion, and is free to weigh the evidence and assess witness credibility, a motion for new trial is regarded with disfavor and should only be granted with great caution." *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999) (internal citations omitted), *cited in United States v. Mounkes*, 204 F.3d 1024, 1027–28 (10th Cir. 2000).

II.     **Evidence was sufficient to support the verdict.**

Defendant argues that the Government did not present sufficient evidence on the chain of custody of the physical evidence (the drugs, firearm, and ammunition), and therefore failed to present a sufficient case on every count.[1] Defendant alternatively argues that Det. Lopez's testimony on the chain of custody was not credible. The Court disagrees.

The Government provided the following chain of custody law, which Defendant did not dispute. "When 'evidence is unique, readily identifiable and relatively resistant to change, the foundation need only consist of testimony that the evidence is what its proponent claims.'" *United States v. Johnson,* 977 F.2d 1360, 1367 (10th Cir.1992) (citing *United States v. Cardenas,* 864 F.2d 1528, 1531 (10th Cir.1989)). Even when not readily identifiable and resistant to change, there

---

[1] The Court does not interpret Defendant as generally challenging the sufficiency of the evidence for every count. Rather, her argument is limited to the chain of custody, which she asserts is a defect meriting a new trial on all counts. *See* **doc. 173 at** 5 (asserting that the "Government failed to make a prima facie case as to every count in the Indictment" because of the "large gap in chain of custody."). To the extent she summarily does challenge the sufficiency of all the evidence for every count, weighing the evidence and making credibility determinations, the Court finds that the Government submitted sufficient evidence to make a prima facie case. *See* **Doc. 174.**

3

is no rule requiring that the United States must produce *all* persons who had custody of the evidence to testify at trial. *See United States v. Cardenas*, 864 F.2d 1528, 1532 (10th Cir. 1989); *Gallegos v. United States*, 276 F.2d 914, 917 (9th Cir. 1960); *see also Pasadena Research Laboratories v. United States*, 169 F.2d 375, 381 (9th Cir. 1948), *cert. denied*, 335 U.S. 853, 69 S.Ct. 83, 93 L.Ed. 401 (1948). The chain of custody need not be perfect for the evidence to be admissible. *United States v. Yeley-Davis*, 632 F.3d 673, 683 (10th Cir. 2011) (citing *Cardenas*, 864 F.2d at 1530). Even "[w]here the chain of custody is imperfect, deficiencies … go to the weight of the evidence, not its admissibility; once admitted, the jury evaluates the defects and, based on its evaluation, may accept or disregard the evidence." *United States v. Smith*, 534 F.3d 1211, 1225 (10th Cir. 2008).

The Government presented evidence on the identification of the physical evidence (Exhibits 1-5) and the chain of custody. The Government laid a foundation for the admission of the evidence and Defendant did not object to the admission of this evidence. *See, e.g., United States v. Smith*, 534 F.3d 1211, 1225 (10th Cir. 2008) ("Ms. Smith objected that the government did not establish an adequate chain of custody for each exhibit."). To the extent a chain of custody objection is preserved, the Court analyzes the chain of custody and identification of the evidence as follows.

Det. Lopez testified that he recognized Government's Exhibit 1 as the methamphetamine that was in Defendant's blouse. **Doc. 171 at 22 of 239.** He testified that he recognized it as the methamphetamine he took into possession from Defendant. He asserted he packaged it at the Socorro County Sheriff's Office, and that he could see his original packaging inside the evidence bag. **Doc. 171 at 23.** Exhibit 1 was admitted without objection. **Doc. 171 at 24.**

Det. Lopez also testified that he recognized Government's Exhibit 2 as the methamphetamine that Defendant handed to him from a small pouch in her truck. He testified that he recognized his original packaging of the drugs. **Doc. 171 at 24-25**. Exhibit 2 was admitted without objection. **Doc. 171 at 25.** He testified that Exhibits 1 and 2 had been collected by the FBI and tested by chemists.

Det. Lopez then testified that he recognized Government's Exhibit 3 as the heroin that was taken out of the pouch that was handed to him by Defendant. He testified that he recognized his initial packaging in the exhibit and that it was handed over to the FBI. He testified it had been removed from its original packaging for testing. Exhibit 3 was admitted without objection. **Doc. 171 at 26.**

Det. Lopez then testified as to Government Exhibit 4, which he recognized as the firearm he took from Defendant. While on the witness stand, he opened the sealed exhibit and testified that it was the .22 caliber revolver that was found in Defendant's purse in her truck. He testified that at the time he found it was loaded with two live rounds and one spent casing. **Doc. 171 at 28.** He also testified that he recognized the ammunition, marked as Government's Exhibit 5. It included two live casings and one spent casing which he had found in the revolver in Defendant's purse. Exhibit 5 was admitted without objection. **Doc. 171 at 30.** Nothing indicates that the condition of the firearm at trial was different from its condition when it was seized from Defendant. In cross-examination, Defendant did not question Det. Lopez on chain of custody issues or his identification of Exhibits 1-5 as the items he seized from Defendant.

The Court finds Det. Lopez's testimony credible, and weighing the evidence, concludes that the evidence presented at trial in Exhibits 1-5 was the same evidence seized by Det. Lopez from the Defendant.

Dr McIlroy testified as to the chain of custody as to the methamphetamine. **Doc. 171 at 66.** He testified that Exhibits 1 and 2 were the drugs that he tested. He also testified as to its condition. **Doc. 171 at 68.** He testified that Exhibits 1 and 2 were in the same condition as when they left his possession and noted the seal and his signature. **Doc. 171 at 68-69, 72-73.** Dr. McIlroy testified that he could not testify as to the chain of custody before the items reached his lab. **Doc. 171 at 77-78.**

Dr. Iris Caraballo testified as to Exhibit 3, the heroin. She testified as to her lab's chain of custody procedure, and she identified Exhibit 3 as the heroin she tested in her lab. **Doc. 171 at 92, 94.** She testified that she could not account for the chain of custody prior to her heroin reaching her lab.

Special Agent Acee testified as to the firearm and ammunition in Exhibits 4 and 5. **Doc. 171 at 105-107.** Defendant cross-examined SA Acee about the chain of custody of the firearm. On redirect, SA Acee testified that the firearm he inspected at the FBI lab was the same firearm in Exhibit 4.

Defendant argues there was no testimony from individuals to account for the chain of custody between Det. Lopez packaging the drugs and firearm and their arrival at the relevant labs. Defendant asserts that the government failed to present testimony from these "intermediate custodians." **Doc. 178 at 3**. As Defendant acknowledges, this goes to the weight of the evidence. **Doc. 178 at 2;** *See United States v. Smith*, 534 F.3d 1211, 1225 (10th Cir. 2008) ("Where the chain of custody is imperfect, deficiencies … go to the weight of the evidence, not its admissibility; once admitted, the jury evaluates the defects and, based on its evaluation, may accept or disregard the evidence.").

This lack of testimony from "intermediate custodians" does not weigh heavily, especially in light of the clear and unambiguous testimony from (1) the chemists and Special Agent Acee that the drugs and firearm in Exhibits 1-5 were the ones they tested, and (2) from Det. Lopez that the drugs and firearm in Exhibits 1-5 were the ones he seized from Defendant. There was nothing in the record to suggest that the condition of the evidence was different from when it was seized, aside from changes caused by testing at the labs. The Court finds Det. Lopez's testimony credible that the exhibits he reviewed at trial were the same items he seized from Defendant.

Defendant challenges Det. Lopez's credibility, asserting he repeatedly contradicted himself. But Defendant does not cite to the record to show the alleged contradictions. Defendant asserts that "when Deputy Lopez took the stand and told the jury that he was looking at the same evidence that he had gathered at the traffic stop, it was not reasonable to believe that testimony." **Doc. 178 at 3.** The Court disagrees.

### III. The verdict was in accord with the weight of the evidence.

Defendant argues that the verdict was against the weight of the evidence because the evidence was insufficient to convict her of possessing a firearm in furtherance of a drug trafficking crime. **Doc. 173 at 6.** She asserts that the evidence merely showed that she possessed a firearm. The Court disagrees.

The Tenth Circuit Pattern Jury Instruction provides that the jury may consider the following in determining whether a defendant possessed a firearm in furtherance of a drug trafficking crime:

> Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying offense.
>
> Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime, because the firearm's presence may be coincidental or entirely unrelated to the underlying crime. Some factors that may

7

help in determining whether possession of a firearm furthers, advances, or helps advance a drug trafficking crime include, but are not limited to:

1. the type of criminal activity that is being conducted;

2. accessibility of the firearm;

3. the type of firearm;

4. whether the firearm is stolen;

5. the status of the possession (legitimate or illegitimate);

6. whether the firearm is loaded;

7. the time and circumstances under which the firearm is found; and

8. proximity to drugs or drug profits.

Tenth Circuit Pattern Jury Instructions 2.45.1, at 146 (2011 Ed., Updated February 2018); **Doc. 164 at 10**. The Government submitted this instruction and Defendant did not object. In the briefing on this motion, Defendant has not objected to the standard set forth in the pattern instruction or explained why it is wrong. Therefore, the Court will consider it here.

The Court notes that factors 1, 2, 5, 6, 7, and 8 all apply and support a finding that the firearm was possessed in furtherance of a drug trafficking crime. The Court finds that Defendant was stopped after she had recently delivered drugs. Det. Lopez had received information that Defendant would be delivering drugs, and also observed what he reasonably believed to be a drug transaction. **Doc. 171 at 14-15 of 239.** The firearm was in close proximity to the drugs, accessible to her while she was in the truck, loaded, and unlawful for her to possess. The jury also heard the testimony of SA Acee, who testified about the role of firearms in drug trafficking. **Doc. 171 at 108-109, 118.** He testified that most drug traffickers carry a firearm as a tool of the trade to protect themselves from robbery. The firearm was found alongside large amounts of drugs sufficient for drug trafficking, and a digital scale. **Doc. 171 at 119.** Therefore, weighing the evidence and the

factors listed above, the Court finds that Defendant did not merely posses a firearm, but possessed a firearm in furtherance of a drug trafficking crime.

Defendant asserts that the jury and court were required to accept as true the testimony of her brother, Antonio Gonzales, who testified that he gave the gun to Defendant to return to their father. Mr. Gonzales was a former police officer, and therefore knew from training and experience that Defendant could not possess a firearm. On cross-examination, Mr. Gonzales stated that he knew Defendant was a felon. His parents also lived ten minutes away. Nevertheless, the firearm was still in the Defendant's possession 24 hours after allegedly receiving it from Mr. Gonzales. The Court simply does not find his testimony credible. The Court finds it incredible that he would have given the firearm to his sister, a convicted felon, to transport to their father, when he knew from training and experience that she could not possess one.

## IV. **Pretrial Rulings**.

Defendant summarily argued that the Court erred in its pretrial rulings but does not raise any specific errors. Therefore, for the reasons stated in its prior opinions and orders, the Court rejects Defendant's argument.

Defendant argues that Det. Lopez was not credible, and therefore the Court should not have relied on his testimony at the suppression hearings. But she does not cite to the record for the alleged contradictory statements. Defendant cites to Veronica Soto-Paz's testimony as contradicting Det. Lopez on the hand-to-hand drug transaction, but the Court did not find her credible. The Court favorably viewed Det. Lopez's testimony at the suppression hearing and at trial.

Defendant again summarily requests a severed trial, asserting that she should have had a separate trial on the felon in possession count. For the reasons stated in the Court's opinion, **Doc.**

9

**144**, the Court rejects Defendant's argument. Defendant stipulated to the felony convictions and therefore any mention of her felony status was limited. Moreover, Defendant had the opportunity to submit a limiting instruction, and the jury was given limiting instructions. **Doc. 164 at 24** ("You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment."); **Doc. 164 at 25** ("A separate crime is charged against the defendant in each count of the indictment. You must separately consider the evidence against the defendant on each count. Your verdict as to any one count, whether it is guilty or not guilty, should not influence your verdict as to any other counts."). Defendant did not object to this language, assert that these instructions were insufficient to limit the prejudice against her, or propose different instructions. **Doc. 162.**

Finally, Defendant summarily objects to rulings on some motions in limine. For the reasons stated in those rulings, the Court rejects Defendant's objections.

## CONCLUSION

As explained above, the Court has weighed the evidence and made credibility determinations, and concludes that the jury's verdict was in accord with the weight of the evidence. Specifically, the Court finds that (1) the chain of custody evidence for the physical evidence (Exhibits 1-5) was sufficient or weighed in favor of conviction; (2) the weight of the evidence supported a finding that Defendant possessed a firearm in furtherance of a drug trafficking crime in violation of § 924(c); and (3) Det. Lopez was credible. The Court concludes this is not the exceptional case where the evidence predominates heavily against guilt to warrant a new trial in the interest of justice.

**IT IS THEREFORE ORDERED** that the Defendant's Motion for New Trial **(Doc. 173)** is hereby **DENIED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE